# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CLINTON PARKISON                                                              PLAINTIFF

vs.                              NO. 4:11-CV-265 DPM

HALLIBURTON ENERGY SERVICES, INC.;
CHESAPEAKE ENERGY CORPORATION;
CHESAPEAKE OPERTING, INC.;
CHESAPEAKE MIDSTREAM OPERATING, LLC;
CHESAPEAKE MIDSTREAM GAS SERVICES, LLC;
CHESAPEAKE EXPLORATION, LLC;
CHESAPEAKE ENERGY MARKETING, INC.;
NOMAC DRILLING, LLC; GREAT PLAINS OILFIELD
RENTAL, LLC; EXPRESS ENERGY SERVICES ARK L.P.;
EXPRESS ENERGY SERVICES GP, LLC; EXPRESS
ENERGY SERVICES OPERATING, LP; and JOHN DOES 1-10         DEFENDANTS

## AGREED PROTECTIVE ORDER

### Purpose and Scope

1. Discovery in this action may involve disclosure of trade secrets and other confidential and proprietary business, technical and financial information. This protective order ("Order") therefore is entered to facilitate the exchange of information and to protect against unauthorized disclosure of this information and to ensure that this information will be used only for purposes of this action.

### Applicability and Designation of Materials

2. Except as otherwise ordered by the Court, this Order shall apply to all documents and items supplied by the Parties in this case which are designated as

"confidential" or "subject to protective order" or similar designation (hereinafter referred to only as "confidential").

3. Information revealed or contained in a deposition which is confidential pursuant to this Order shall be identified in the deposition as being confidential and subject to this Order. That portion of the deposition shall thereafter be separately reflected as confidential and being subject to this order.

## Disclosure

4. Except with prior written consent of counsel for the Parties or prior order of the Court, confidential information subject to this Protective Order shall only be disclosed as follows: (a) to counsel of record for the respective parties including their office and clerical staff; (b) officers, directors and necessary employees of any party in connection with this case; (c) expert witnesses or consultants engaged by a party to assist in the prosecution or defense of the action provided such witnesses and consultants separately agree to be bound and governed by the terms of this Order; (d) the Court and Court personnel subject to such safeguards as the Court may deem necessary; (e) non-party witnesses and their counsel only to the extent disclosure is necessary for their testimony and provided that they shall separately agree to be bound and governed by the terms of this order.

## Non-Disclosure

5. All parties and persons to whom confidential information or documents are disclosed are authorized only to use this information and documents in connection with this action and are precluded from disclosing the information or documents to any other person except as specifically provided in this Order. No person receiving or reviewing

confidential information shall disclose it or its contents to any person other than those authorized by this Order and for the purposes specified in this Order.

### Disputes

6. Any party may object to the designation of particular discovery material as confidential by giving written notice to the party making the designation and to all other parties. This notice shall identify with specificity the discovery material to which the objection is directed and the basis of the objection. If there is a dispute, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting an *in camera* review and a ruling by the Court that the disputed discovery material be designated as confidential. The party making the designation or any other party shall then file opposition papers in support of the designation. The disputed discovery material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the party making the designation shall have the burden of proof that the challenged discovery material is entitled to the protection of this Order.

7. The parties' authorization to designate any information as confidential is intended solely to facilitate the proceedings in this suit, and this designation shall not be construed as an admission or agreement that designated information constitutes or contains confidential or secret information.

### Return of Discovery Material

8. At the conclusion of this litigation, the parties and their counsel shall, upon request, return to counsel for the party making a designation all documents and items which are confidential and supplied subject to this Order as well as any copy, notes, or record of confidential information supplied by the party making a designation subject to this Order including copies supplied to experts, consultants, or witnesses.

### No Waiver

9. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object to any action taken, shall constitute a waiver of any claim or defense in this action. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery. Nothing in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of this action. Nothing contained in this Order or any declaration of confidentiality or restriction under it shall be used or characterized by any party as an "admission" by a party opponent. The failure of a party to object to or challenge a designation by another party of discovery material as confidential shall not constitute an admission that the materials so designated are in fact confidential, are trade secrets, or other confidential research, development, or commercial information, or are entitled to any legal protection.

10.   If any party wishes to disclose any material designated as confidential to any persons not referred to in Paragraph 2 of this Order, they may seek written permission from the producing party or the Court.

### Termination of Proceedings

11.   The provisions of this Agreed Order shall survive and remain in force and effect as a contract between the parties after the conclusion of this litigation, whether by settlement or litigation.

### Continuing Jurisdiction

12.   The Court will retain jurisdiction for ninety days after judgment to construe and enforce the provisions of this Order.

### Treatment of Confidential Information at Trial

13.   The treatment of confidential information to be introduced at trial shall be the subject of a later Order.

So Ordered.

_____
~~CIRCUIT~~ District JUDGE

_15 March 2012_
DATE

**APPROVED BY:**

*[signature]*

---

Mr. Phillip J. Duncan
Mr. William R. Pointer
Mr. Justin C. Zachary
Mr. Richard Quintus
DUNCAN FIRM, P.A.
900 S. Shackleford Rd., Ste. 725
Little Rock, AR 72211
phillip@duncanfirm.com
rob@duncanfirm.com
justin@duncanfirm.com
richard@duncanfirm.com
*Attorneys for Plaintiff*


*[signature]*

---

Mr. Michael P. Vanderford
Ms. Lauren A. Manatt
Anderson, Murphy & Hopkins, L.L.P.
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas  72201-4851
vanderford@amhfirm.com
manatt@amhfirm.com
*Attorneys for Chesapeake Defendants; Nomac Drilling, LLC; Great Plains Oilfield Rental, LLC; and Halliburton Energy Services, Inc.*


---

Mr. Richard Shane Strabala
Mr. Charles W. Lyford
MUNSON, ROWLETT, MOORE & BOONE, P.A.
1900 Regions Building
400 West Capitol Avenue
Little Rock, Arkansas 72201
shane.strabala@mrmblaw.com
charles.lyford@mrmblaw.com
*Attorneys for Express Energy Defendants*

**APPROVED BY:**

---

Mr. Phillip J. Duncan
Mr. William R. Pointer
Mr. Justin C. Zachary
Mr. Richard Quintus
DUNCAN FIRM, P.A.
900 S. Shackleford Rd., Ste. 725
Little Rock, AR 72211
phillip@duncanfirm.com
rob@duncanfirm.com
justin@duncanfirm.com
richard@duncanfirm.com
*Attorneys for Plaintiff*

---

Mr. Michael P. Vanderford
Ms. Lauren A. Manatt
Anderson, Murphy & Hopkins, L.L.P.
400 West Capitol Avenue, Suite 2400
Little Rock, Arkansas 72201-4851
vanderford@amhfirm.com
manatt@amhfirm.com
*Attorneys for Chesapeake Defendants; Nomac Drilling, LLC; Great Plains Oilfield Rental, LLC; and Halliburton Energy Services, Inc.*

*/s/ Shane Strabala by Amy Tracy*
Mr. Richard Shane Strabala
Mr. Charles W. Lyford
MUNSON, ROWLETT, MOORE & BOONE, P.A.
1900 Regions Building
400 West Capitol Avenue
Little Rock, Arkansas 72201
shane.strabala@mrmblaw.com
charles.lyford@mrmblaw.com
*Attorneys for Express Energy Defendants*