IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CLINTON PARKISON                                                                PLAINTIFF

v.                              No. 4:11-cv-265-DPM

CHESAPEAKE ENERGY CORP.;
CHESAPEAKE OPERATING INC.;
CHESAPEAKE MIDSTREAM OPERATING
LLC; CHESAPEAKE MIDSTREAM GAS
SERVICES LLC; CHESAPEAKE EXPLORATION
LLC; CHESAPEAKE ENERGY MARKETING INC.;
GREAT PLAINS OILFIELD RENTAL LLC; and JOHN
DOE, 1-10                                                                       DEFENDANTS

EAGLE PRECISION PRODUCTS, Employer and
ARGONAUT INSURANCE CO., Carrier                                                 INTERVENORS

ORDER

1. For the reasons stated on the record at today's telephone hearing, the Court amends and clarifies its ruling on the Chesapeake post-accident investigation and materials as follows:

- Chesapeake's safety alert and post-accident investigation were subsequent remedial measures made inadmissible by FED. R. EVID. 407;

- Redacted versions of all but one of the various Chesapeake documents, which will show only embedded facts about Parkison's accident, are admissible nonetheless; and

- The Dickson email/report entry about the 22 other tanks with a missing pin found post-accident remains excluded for now. No witness—fact or expert—should mention the document or this fact. If Chesapeake controverts control or inspection ability, or if an impeachment issue arises, then the Court will revisit the relevance and 403 balance issues on this document.

2. The Court applauds and approves the parties' stipulation about needed parties and duty. Parkison's claims against Chesapeake Midstream Operating LLC, Chesapeake Midstream Gas Services LLC, Chesapeake Exploration LLC, and Chesapeake Energy Marketing Inc., are dismissed without prejudice. The deadline to amend pleadings has passed; the Court therefore dismisses without prejudice the claims against the John Doe defendants too. Chesapeake Energy Corporation and its two wholly owned subsidiaries, Chesapeake Operating Inc. and Great Plains Oilfield Rental LLC, remain as defendants. The parties have further stipulated that any duty owed to Parkison by any involved Chesapeake subsidiary is ultimately a duty owed by Chesapeake Energy Corporation. At trial, therefore, Chesapeake Energy Corporation and its subsidiaries will be referred to collectively as "Chesapeake."

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*14 March 2014*